In Re: Belmont Hunting and Fishing Club of Allegheny City/Fresh Start, Inc. (Bingo License No. 240). William Lane, President of Belmont Hunting and Fishing Club, Inc., Appellant.

Argued March 11, 1985, before Judge MacPhail and Senior Judges Blatt and Barbieri, sitting as a panel of three.

*Joseph N. Bifano,* for appellant.

*Edward S. Young,* for appellee.

OPINION BY JUDGE MACPHAIL, June 5, 1985:

This matter involves an appeal from an order by the Court of Common Pleas of Beaver County which upheld the revocation by the Treasurer of Beaver County (Treasurer) of a bingo license issued to Belmont Hunting and Fishing Club of Allegheny City (Appellant),[1] now known as Fresh Start, Inc. We affirm.

On October 12, 1982, Appellant applied for and received a bingo license from the office of the Treasurer. Attached to the application was a resolution signed by the Appellant's president and secretary stating that a regular meeting of the club was held October 4, 1982, at which time the proper officers of the corporation were authorized to apply for the license. The application stated that funds derived from the operation of the bingo games would be used for charitable purposes. A copy of the Appellant's charter was also attached to the application indicating that the club was chartered as a non-profit corporation on May 15, 1888, for the stated purpose of

> Establishing, keeping, maintaining and conducting a club or association for the pleasure, amusement and recreation of its members in

---

[1] The corporate charter indicates that the correct name of the Appellant is The Belmont Hunting and Fishing Club of the City of Allegheny.

hunting, fishing and like sports and recreation also for social meetings and enjoyment . . . .

The District Attorney of Beaver County, based on his investigation of complaints concerning bingo games by Appellant, sent the Treasurer a letter on June 21, 1983, indicating possible violations by Appellant of Section 6 of the Bingo Law (Law),[2] and recommended that the license be revoked. Appellant was notified of the District Attorney's recommendation and was further advised that the license would be revoked effective July 23, 1983. Appellant requested and was given an administrative hearing by the Treasurer on July 21, 1983, following which the Treasurer issued an adjudication revoking Appellant's license because 1) Appellant rented equipment for the bingo games in violation of Section 6(a)(5) of the Law; 2) Appellant provided false and erroneous information in its original application for the license in violation of Section 6(a)(7) of the Law; and 3) the name and purpose of Appellant's association had been changed to Fresh Start, Inc., a new organization, which had not been in existence for two years prior to the filing for a license in violation of Section 3 of the Law; 10 P.S. §303.

Pursuant to Section 752 of the Local Agency Law, 2 Pa. C. S. §752, Appellant appealed the Treasurer's adjudication to the court of common pleas. Both parties stipulated that the record made before the Treasurer would be the record on appeal; however, the court of common pleas did permit over objection Appellant's new evidence of two cancelled checks and an invoice for the purpose of proving payment for and ownership of equipment used for the bingo games. Based on this new evidence and the record before the Treasurer, the court of common pleas reversed the

[2] Act of July 10, 1981, P.L. 214, *as amended*, 10 P.S. §306.

Treasurer's first conclusion that Appellant rented rather than owned the bingo equipment but upheld the Treasurer's second and third conclusions. The common pleas court, accordingly, sustained the Treasurer's revocation of Appellant's license. This appeal followed.

Our scope of review where the trial court has taken additional evidence is to determine whether the trial court committed an abuse of discretion or error of law.[3]

Appellant challenges the trial court's finding that a violation of Section 6(a)(7) of the Law[4] occurred when Appellant erroneously stated in the application for the license that a meeting of the association was held on October 4, 1982, at which time the proper officers were authorized to apply for the license. Appellant argues that it inadvertently dated the minutes of the meeting October 4, rather than October 11, on which date a resolution to apply for a license was passed. Appellant contends that this administrative error does not constitute false and erroneous information. We disagree.

The trial court found that the record was devoid of any minutes from *any* meeting indicating that the officers who did so were authorized to apply for a bingo license. Our independent review of the record reveals that the trial court was correct. Moreover, the Treasurer, acting as fact finder, obviously did not believe Appellant's president's testimony that such a resolution was in fact adopted whether or not the minutes so stated. At the very least, the representation

---

[3] See *Knake v. Zoning Hearing Board, Borough of Dormont*, 74 Pa. Commonwealth Ct. 265, 459 A.2d 1331 (1983).

[4] Section 6(a)(7) of the Law provides that "[t]he licensing authority shall revoke or refuse to renew the license of any association whenever the district attorney finds upon investigation that: . . . False or erroneous information was provided in the original notarized application."

regarding the authorizing resolution was erroneous. There is also substantial evidence from which the Treasurer could and did conclude that the information was false. Appellant's argument that since the Law does not require that a copy of the resolution be attached to the application its veracity is irrelevant, must fail. We hold that the Treasurer was not limited to the statutory requirements in developing the format for the application form, but could request such additional information as would enable him to determine that an applicant was qualified to receive a bingo license.

The other false or erroneous information the Treasurer found in the application was the representation in the application regarding Appellant's lease for the premises where the games were to be held. The Treasurer held that the association had not authorized its officers to execute such a lease. The trial court affirmed this finding. Again, our own independent review of the record leads us to the same result. Section 5(c)(5) of the Law, 10 P.S. §305(c)(5), requires that the licensee shall have a written lease agreement for the premises where the activity is to be conducted. It is elementary contract law that the officers of the corporation may enter into written contracts binding the corporation only after being duly authorized to do so. We do not find Appellant's error in this respect to be as glaring as the previous one. The application itself only requires the applicant to state that it is not operating under an oral lease or a lease where the rental is based upon receipts from the bingo games. The fact that the lease may be voidable does not, in and of itself, render the information furnished erroneous or false.

As we have noted, the Treasurer also concluded that since there is a new entity which has not been in

existence for two years, Fresh Start, Inc. is not entitled to a license. The trial court held that in view of the corporate change, neither Fresh Start, Inc. nor Belmont Hunting and Fishing Club of Allegheny City is entitled to a license. The record indicates that on January 31, 1983, Appellant amended its charter by changing its name and revising the purpose of the corporation to state that it now was to rehabilitate adult alcoholics and drug addicts. The Treasurer found that no record of this change was reported to his office until after the District Attorney's investigation commenced. We must agree that these substantial changes in the corporate charter adversely affect the license in question. Appellant's argument that the amendment of the corporate charter was no more than a technical change of name and a broadening of a corporate purpose, is not persuasive. The license was issued to the named applicant. That name no longer exists. It may well be that a change of name alone would require nothing more than notice to the Treasurer and the reissuance of the license in the new name. When, however, the corporate purpose is radically changed, albeit to bring it more into conformity with the statutory requirements, the net effect is to indicate that there now is a new entity. We agree that a new application for a license would be required under such circumstances and that the license originally granted should be revoked.

We conclude that the trial court neither abused its discretion nor erred as a matter of law. Order affirmed.

ORDER

The order of the Common Pleas Court of Beaver County, No. 1191 of 1983, dated November 29, 1983, is affirmed.